COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Alston and Senior Judge Coleman
Argued at Alexandria, Virginia


HEATHER BROOKE GARNER,
  F/K/A HEATHER BROOKE RUCKMAN
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0344-11-4                      JUDGE SAM W. COLEMAN III
                                                    NOVEMBER 29, 2011
MITCHELL SCOTT RUCKMAN


              FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                            John R. Prosser, Judge

         Marilyn Ann Solomon (Thomas W. Ashton; Law Offices of Marilyn
         Ann Solomon, on briefs), for appellant.

         Phillip S. Griffin, II, for appellee.

         Anne M. Williams (William August Bassler, PLC, on brief),
         Guardian *ad litem* for the minor child.


         In this child custody dispute Heather Brooke Garner (mother), formerly known as Heather

Brooke Ruckman, appeals an order granting Mitchell Scott Ruckman's (father) motion to strike

mother's evidence thereby upholding the Frederick County Juvenile and Domestic Relations

District Court's (JDR) last operative order awarding custody of their minor child to father.  Mother

argues that the trial court erred by (1) sustaining father's motion to strike when father, as the

petitioner, had the burden of proof but presented no evidence and, moreover, failed to rebut

mother's uncontroverted evidence in support of her retaining custody, (2) upholding a transfer of

custody from mother to father without determining that such a transfer was in the child's best

interests, and (3) applying an incorrect standard, i.e. the actual harm standard, in determining

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

whether the evidence presented warranted a transfer of custody of the minor child.[1]  For the

following reasons, we reverse the trial court's decision and remand for such further proceedings

as the parties may deem appropriate.

BACKGROUND[2]

"According to well-settled principles of appellate review, when the trial court grants a

motion to strike the plaintiff's evidence, we review the evidence on appeal in the light most

favorable to the plaintiff."  Green v. Ingram, 269 Va. 281, 284, 608 S.E.2d 917, 919 (2005)

(citations omitted).

So viewed, the evidence proved that on April 23, 2010, the JDR court entered an order

incorporating the parties' mediated separation agreement which provided they would share joint

legal custody of the child, with mother having primary physical custody and father having weekly

visitation.  Pursuant to Code § 20-124.5, the parties further agreed to provide advance written notice

of a change of address. [3]

---

[1] Father lists two questions presented in his brief:  (1) "Did the Trial Court err in denying Mitchell Ruckman's Motion to Dismiss" and (2) "Whether the court abused its discretion in granting the Motion to Strike in a relocation case from Virginia to Pennsylvania after the same result in three hearings in two different courts."  It appears that father's second question presented is a restatement of mother's assignments of error; however, his first question presented appears to be an additional issue.  Effective July 1, 2010, Rule 5A:21(b) was revised to state that appellee's brief shall contain a "statement of any additional assignments of error the appellee wishes to present with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each additional assignment of error was preserved in the trial court."  Pursuant to the revised rules, this Court considers only assignments of error and, as such, will not consider additional issues listed as questions presented.  We find that father's failure to comply with Rule 5A:21 is significant and will not consider the additional issue he raised.  Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

[2] The parties did not file a transcript of the trial court proceedings, but instead rely on a written statement of facts.

[3] The agreement also provided for father's child support obligation.

- 2 -

In July 2010, mother was experiencing considerable financial difficulty. Due to the economy, her income as a cosmetologist had decreased significantly, and she was facing eviction from her residence. Father did not regularly pay child support and she could not meet her expenses, even with financial assistance from her family. She did not have a dependable car. As a result of her situation, she moved with the child to her mother's home in Pennsylvania, which was a two-and-a-half-hour drive from her previous address in Frederick County.

After mother's move with the child, father filed a motion with the JDR court asking that he be awarded physical custody of the child.[4] On August 5, 2010, the JDR court awarded temporary physical custody to father "for school purposes" and continued the case for a plenary hearing. On October 26, 2010, after hearing testimony and argument from the parties, the JDR court found that mother's move to Pennsylvania was not in the best interests of the child and did not independently benefit the child. In granting custody to the father, the JDR court further held that if mother returned to Winchester or Frederick County within thirty days, then the mediated custody order would remain in full force and effect. However, if she did not return, then father would have primary physical custody of the child, and mother would have visitation. Mother appealed the JDR court's ruling.

On February 4, 2011, the trial court conducted a *de novo* hearing on the father's motion to award him custody due to the change of circumstances occasioned by the mother's move with the child to Pennsylvania.[5] At the hearing, the parties, in effect, conceded that the father had satisfied his burden of showing a material change of circumstance as a result of the mother's relocation.

---

[4] Father also asked the JDR court to discontinue his child support obligation and allow him to declare the child as a dependent on his taxes.

[5] The guardian *ad litem* had filed a report with the trial court and recommended that the child not be allowed to relocate to Pennsylvania.

Since the change of circumstance consisted of mother's relocation with the child to another jurisdiction, the court ruled that she had the burden to prove that the relocation was in the child's best interests and heard evidence from mother and her witnesses justifying the relocation and her retention of custody. Mother pointed out that on October 15, 2010, she had remarried and was then a stay-at-home mother[6] and that her husband earns a six-figure salary and has health insurance options, which mother previously did not have. She stated that they live in a four-bedroom home in a good school district. At the conclusion of mother's evidence, father made a motion to strike, which the trial court granted.[7] In so ruling, the trial court held that "there was no actual harm to the child . . . by his father having custody and that there was no benefit to the child by the mother's move to Pennsylvania." The court held that the October 26, 2010 JDR court order shall remain in full force and effect, so father would retain primary physical custody of the child. Mother filed a motion to reconsider, which the trial court denied. This appeal followed.

ANALYSIS

"The standard that governs the trial court's review of the plaintiff's evidence before granting a motion to strike the case is well settled." Chaplain v. Chaplain, 54 Va. App. 762, 772, 682 S.E.2d 108, 113 (2009).

> "When ruling on a motion to strike a plaintiff's evidence, a trial court is required to accept as true all evidence favorable to a plaintiff and any reasonable inferences that may be drawn from such evidence. The trial court is not to judge the weight and credibility of the evidence, and may not reject any inference from the evidence favorable to the plaintiff unless it would defy logic

---

[6] Mother has another son from a prior relationship. Mother's husband has two daughters from a prior relationship.

[7] The written statement of facts erroneously stated that father's motion to strike was denied. The final order in the case indicates that the motion to strike was granted, and both parties state in their briefs that the motion to strike was granted. Upon remand, the trial court shall correct the written statement of facts to reflect that the motion to strike was granted.

and common sense.  On appeal, when this Court reviews a trial court's decision to strike a plaintiff's evidence, we likewise view the evidence in the light most favorable to the plaintiff."

Volpe v. City of Lexington, 281 Va. 630, 639, 708 S.E.2d 824, 828 (2011) (quoting TB Venture, LLC v. Arlington County, 280 Va. 558, 562-63, 701 S.E.2d 791, 793 (2010) (internal citations and quotation marks omitted)).

Applying this standard to the evidence mother presented in seeking to allow the child to relocate with her to Pennsylvania, we hold the trial court erred in granting the motion to strike because mother met her burden to present a *prima facie* case showing that the relocation was in the best interests of the child.

Contrary to mother's argument, she had the burden of proof in this relocation case because she was the custodial parent who relocated with the child.  "Analogous to custody and visitation disputes, a party seeking relocation must show that a change in circumstances has occurred since the last custody award and that relocation would be in the best interests of the child.  The party requesting relocation bears the burden of proof on both issues."  Sullivan v. Jones, 42 Va. App. 794, 806, 595 S.E.2d 36, 42 (2004) (internal citations omitted).  Because it is undisputed that mother moved to Pennsylvania, a material change in circumstances was proven, thereby requiring mother to prove that the relocation was in the child's best interests.  Therefore, in order for mother's evidence to survive a motion to strike, she was required to present evidence establishing a *prima facie* showing that the relocation was in the child's best interests.

Here, however, the trial court applied an incorrect standard by holding that "there was no actual harm to the child . . . by his father having custody . . . ."  The trial court applied an "actual harm standard," instead of the "best interests standard," which, in doing so, the court focused on whether the child would suffer any actual harm by granting the father custody rather than focusing upon whether mother's relocating was in the child's best interests.  Furthermore, the

- 5 -

record fails to establish whether the trial court considered the factors in Code § 20-124.3, which a trial court must consider in determining the best interests of the child in a custody or visitation case.[8]

---

[8] Code § 20-124.3 states:

> In determining best interests of a child for purposes of determining custody or visitation arrangements . . ., the court shall consider the following:
>
> 1. The age and physical and mental condition of the child, giving due consideration to the child's changing developmental needs;
>
> 2. The age and physical and mental condition of each parent;
>
> 3. The relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child;
>
> 4. The needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members;
>
> 5. The role that each parent has played and will play in the future, in the upbringing and care of the child;
>
> 6. The propensity of each parent to actively support the child's contact and relationship with the other parent, including whether a parent has unreasonably denied the other parent access to or visitation with the child;
>
> 7. The relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in and resolve disputes regarding matters affecting the child;
>
> 8. The reasonable preference of the child, if the court deems the child to be of reasonable intelligence, understanding, age and experience to express such a preference;
>
> 9. Any history of family abuse as that term is defined in § 16.1-228 or sexual abuse. If the court finds such a history, the court may disregard the factors in subdivision 6; and

"In determining child custody issues, including relocation, the trial court's paramount concern and the determinative factor must remain the 'best interests of the child,' regardless of what the parents desire." Cloutier v. Queen, 35 Va. App. 413, 423, 545 S.E.2d 574, 579 (2001) (citations omitted). "In reaching a decision on the 'best interests of the child,' the court is guided by Code § 20-124.3." Id. at 427, 545 S.E.2d at 581 (citations omitted).

In considering the propriety of the trial court's granting father's motion to strike mother's evidence, we ask whether evidence existed on the record from which a fact finder could rationally conclude that under the circumstances the child's relocating with the mother to Pennsylvania was in the child's best interests. Based on the record before us, we conclude that mother met her *prima facie* burden of proving the relocation to Pennsylvania would be in the child's best interests. The child was seven years old at the time of the hearing. Mother had been his primary custodian since birth until the JDR court awarded father temporary custody in August 2010. Several witnesses testified about mother's close relationship with the child. Mother testified that until 2010, father had limited visitation with the child. While mother encouraged father's role in the child's life and agreed to expand his visitation in April 2010, he, in contrast, did not allow mother, despite her requests, to visit with the child on Christmas Eve or Christmas Day that year.

Mother also testified about the child's close relationship with her other son, with whom he grew up. Also, mother's husband has two daughters, and the child has a good relationship

10. Such other factors as the court deems necessary and proper to the determination.

The judge shall communicate to the parties the basis of the decision either orally or in writing.

with them. She stated that by moving to Pennsylvania, the child would be closer to her family who would provide a strong support system.

Mother offered evidence tending to prove that custody with her was preferable because father did not always provide for the child's safety, explaining that he did not transport the child with a booster seat, nor did he seek necessary medical assistance for the child. She recounted an occasion when the child had several cold sores on his mouth and his nose was bleeding, but father had not taken the child to a doctor.

Additionally, mother testified that she was concerned about the environment at father's house in which the child was being reared. Father was not married and lived with his girlfriend. Mother also testified that father had anger control problems. He had been fired from jobs in the past, and most recently his employer fired him because he lost his temper and argued with his boss. She recounted how father would yell and curse at her on the telephone in front of the child. Also, mother expressed concern about father's drug use, explaining that he previously had undergone drug treatment for his use of crack cocaine. She testified that as recently as November 2010 father appeared under the influence of drugs. Also, father had a criminal record, which according to the copy he filed, included convictions for assault and battery and misdemeanor destruction of property and a breaking and entering with the intent to commit assault charge which was *nolle prosequied* – all three charges stemming from a 2006 incident involving mother.

Considering the foregoing evidence in the light most favorable to the mother and the Code § 20-124.3 factors, we hold that mother made a *prima facie* showing that relocation of the child with her to Pennsylvania was in the child's best interests. While father and the guardian *ad litem* argued, and the trial court found, that the relocation only benefited mother, but did not independently benefit the child, we disagree.

While "[t]he court may consider a benefit to the parent from relocation only if the move independently benefits the children," Cloutier, 35 Va. App. at 430, 545 S.E.2d at 583, "[t]o be sure, as we acknowledged in Sullivan, 'advantages accruing to a custodial parent from relocation oftentimes inure to the benefit of a child' and should be taken into account." Wheeler v. Wheeler, 42 Va. App. 282, 291, 591 S.E.2d 698, 703 (2004) (quoting Sullivan v. Knick, 38 Va. App. 773, 784, 568 S.E.2d 430, 436 (2002)).

On this record, and applying the correct standard of review, a fact finder could reasonably conclude that both mother and the child benefited from the move to Pennsylvania. Mother had been evicted from her home, so she and the child would have better housing than before. Mother had to move. She chose to move to Pennsylvania, where her family and support system lived. Mother was destitute. Her income had been reduced due to the economy, and father had not consistently paid child support. She could not pay all of her bills, and she relied on financial assistance from her family. She did not have a reliable car. However, once she moved to Pennsylvania, she and the child had stable housing and financial support. In October 2010, she married a man with a substantial income and health insurance benefits. Now she could be a stay-at-home mother. Mother and her husband lived in a four-bedroom home in a good school district. The child could continue to live with his half-brother and be closer to his extended family. Mother had always raised the child, and he would benefit from this stability. Father has a history of instability, including a criminal record, previous drug addiction, unemployment, and anger problems.

From our review of the evidence in the record, we conclude that the evidence mother presented to the trial court, when viewed in the light most favorable to mother and accepted as true, precludes a finding that mother failed to prove a *prima facie* case that the relocation was in the child's best interests.

## CONCLUSION

We conclude from the record on appeal that the trial court erred in granting father's motion to strike. We reverse the judgment of the trial court, and remand to the trial court for such additional proceedings as the parties may deem appropriate.

<u>Reversed and remanded.</u>